ROBERT S. GIANELLI, #82116
GIANELLI & MORRIS, A Law Corporation
550 South Hope Street, Suite 1645
Los Angeles, CA 90071
Tel: (213) 489-1600; Fax: (213) 489-1611
rob.gianelli@gmlawyers.com

Attorneys for Plaintiffs,
JENEE HILL on behalf of herself and all others similarly situated,
and for Plaintiff BYRON HACK, on behalf of himself and all others similarly situated

MICHAEL M. MADDIGAN, #163450
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
michael.maddigan@hoganlovells.com
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

Attorneys for Defendants,
UNITED HEALTH CARE INSURANCE COMPANY,
UNITED HEALTH GROUP INC., and UNITED HEALTHCARE SERVICES, INC.

*\* Complete List of Counsel on Following Page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JENEE HILL, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br>v.<br>UNITEDHEALTHCARE INSURANCE COMPANY,<br><br>Defendant.<br>────────────────────────<br>BYRON HACK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br>UNITEDHEALTH GROUP INC.; UNITED HEALTHCARE SERVICES INC.; and UNITEDHEALTHCARE INSURANCE COMPANY;<br><br>Defendants.<br>──────────────────────── | Case Nos. 8:15-cv-00526-DOC (KESx) &<br>8:17-cv-00909-DOC (KESx)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

| | |
|---|---|
| ROBERT S. GIANELLI, #82116<br>JOSHUA S. DAVIS, #193187<br>ADRIAN J. BARRIO, #219266<br>GIANELLI & MORRIS, A Law Corporation<br>550 South Hope Street, Suite 1645<br>Los Angeles, CA 90071<br>Tel: (213) 489-1600; Fax: (213) 489-1611<br>rob.gianelli@gmlawyers.com<br>joshua.davis@gmlawyers.com<br>adrian.barrio@gmlawyers.com | **COUNSEL FOR PLAINTIFFS**<br>JENEE HILL AND BYRON HACK |
| Glenn R. Kantor, #122643<br>KANTOR & KANTOR LLP<br>19839 Nordhoff Street<br>Northridge, California 91324<br>Tel: (818) 886-2525; Fax (818) 350-6272<br>gkantor@kantorlaw.net<br>trozelle@kantorlaw.net | **COUNSEL FOR PLAINTIFF**<br>JENEE HILL |
| MICHAEL M. MADDIGAN, #163450<br>GABRIEL R. ULMAN, #307806<br>HOGAN LOVELLS US LLP<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, California 90067<br>michael.maddigan@hoganlovells.com<br>gabriel.ulman@hoganlovells.com<br>Telephone: (310) 785-4600<br>Facsimile: (310) 785-4601 | **COUNSEL FOR DEFENDANTS**<br>UNITEDHEALTHCARE INS. CO<br>UNITEDHEALTH GROUP, INC.<br>AND UNITED HEALTHCARE<br>SERVICES, INC. |
| BRYAN S. WESTERFELD, #218253<br>WALRAVEN & WESTERFELD LLP<br>20 Enterprise, Suite 310<br>Aliso Viejo, California 92656<br>bwesterfeld@walravenlaw.com<br>Tel: (949) 2151990<br>Fax: (949) 215-1999 | **COUNSEL FOR DEFENDANTS**<br>UNITEDHEALTHCARE INS. CO.<br>UNITEDHEALTH GROUP, INC.<br>AND UNITED HEALTHCARE<br>SERVICES, INC. |

Subject to the approval of this Court, Plaintiffs Jenee Hill and Byron Hack and Defendants UnitedHealth Group Incorporated, United HealthCare Services Inc., and United Healthcare Insurance Company stipulate as follows:

1. A document constitutes or contains "Confidential Material" when it has been given that designation by the party producing it or by the party to whom the information relates ("the Designating Party"). A party or nonparty may designate documents or information as "Confidential Material" as follows:

   a. In the case of documents and information contained in documents, designation must be made by placing the following legend on each page of the document before production**: "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."**

   b. In the case of discovery responses and information contained in discovery responses, designation must be made by (i) placing a statement at the start or end of the responses specifying that the responses, or part of the responses, are designated Confidential Material, and (ii) placing the following legend on each page (including the caption page) of any discovery response containing designated Confidential Material**: "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."**

   c. In the case of depositions and hearings, designation of the portions of the transcript (including exhibits) that contain Confidential Material must be made by the Designating Party by: (i) making a statement to that effect on the record in the course of the deposition or hearing; or (ii) sending a letter to all counsel within the time permitted for the review and signing of the deposition by the witness (in the event of a deposition) or within 45 days of receipt of the transcript of the hearing (in the event of a hearing). Once designated, the original and each copy of the transcript that contains Confidential Material must bear (or must be modified by counsel to bear) the following legend on its cover: **"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."**

2. For purposes of this Order, "Confidential Material" includes the following types of documents and information:

 a. information that is proprietary or constitutes a trade secret, including, without limitation, information, materials, and other documents reflecting non-public business or financial strategies and confidential competitive information that, if disclosed, could result in prejudice or harm to the disclosing party;

 b. non-public financial projections, analyses, or studies;

 c. non-public communications with regulators, Departments of Insurance, or other governmental bodies that are intended to be kept confidential or are protected from disclosure by statute or regulation; and

 d. policyholder-specific information, including private medical information.

2.1 Any copies or reproductions, excerpts, summaries, or other documents or media that contain or incorporate Confidential Material as defined above will also be treated as Confidential Material under this Order.

2.2 Nothing in this Order will be construed as requiring Defendant to produce any personal or identifying information regarding any individual or any other policyholder, nor policyholder information that is protected from disclosure under applicable state or federal law.

3. Confidential Material may be used solely for the purpose of conducting this litigation and not for any other purpose whatsoever. For the purpose of conducting this litigation, Confidential Material may be used by, copied by, exhibited to, or disclosed to the following persons or entities only:

 a. The parties to this action;

 b. The parties' attorneys and their respective employees;

 c. Any witness from whom testimony is taken or will be taken in this action, except that the witness may be shown copies of Confidential Material

only during his or her testimony and in preparation for the testimony, and only to the extent relevant to the testimony. The witness may not retain any Confidential Material;

   d. Consultants, experts, and investigators employed by the parties or their attorneys in the prosecution or defense of any aspect of this litigation;

   e. Court reporters used in connection with this action and their employees; and

   f. The Court and its staff.

 4. No disclosure may be made to any person under Paragraphs 2(c), (d) or (e) until that person has executed an "Understanding and Agreement" in the form attached as Exhibit A. With respect to consultants, experts, and investigators employed by the parties to this litigation, Exhibit A must be fully executed by the consultant, expert, or investigator and retained by counsel for the party employing the consultant, expert, or investigator.

 5. All persons described in paragraphs 3(a) through (e) above are prohibited from disclosing any portion of Confidential Material to any other person, or from using any information obtained from the Confidential Material, except as permitted by this stipulation.

 6. Nothing in this stipulation prevents the use of information that is publicly available.

 7. Any motion papers, briefs, memoranda, affidavits, declaration, exhibits, transcripts, or other papers filed with the Clerk of the Court that contain any Confidential Material must comply with the procedures for filing documents under seal set forth in Local Rules 79-5, 79-6, and 79-7. The Stipulated Protective Order does not entitle anyone to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied to applications to file material under seal.

8. If any party or nonparty bound by this stipulation intends to disclose, discuss, or otherwise refer to any Confidential Material in open court at any pre-trial hearing, that person must notify the Court, the Designating Party, and all other parties to this action of its intention to do so, and must not disclose, discuss, or otherwise refer to the Confidential Material until permitted by the Court. The parties acknowledge that this Order does not govern the use of Confidential Material at trial. The use of such material at trial shall be governed by the orders of the trial judge.

9. A party's inadvertent failure to designate disclosed materials as Confidential Material does not waive its right to do so and may be remedied by prompt written notice upon discovery of the error, in which case the material in question will be subject to the protections of this Order.

10. Notwithstanding anything to the contrary in this stipulation, any party may use the following documents or information without restriction, regardless of whether they have been designated as Confidential Material:

    a. its own documents or information;

    b. documents or information concerning or reflecting transactions or communications to which it is a party; and

    c. documents or information developed or obtained independently of discovery in this action.

11. This stipulation applies with equal force to any and all copies, extracts, compilations, summaries, and oral recitation of Confidential Material.

12. Within sixty days of final termination of this action, or sooner if so ordered by this Court, counsel for the party receiving any Confidential Material must transmit all Confidential Material (including all copies) to counsel for the Designating Party.

13. A party is not obligated to challenge the propriety of a confidentiality designation at the time it is made. Failure to do so does not preclude a subsequent

challenge to the designation. In the event that counsel for a party receiving documents, testimony or information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific documents, testimony or information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate documents, testimony or information pursuant to any or all of the Designation Objections and/or (b) subject to and in compliance with Local Rules 37-1 and 37-2 file a motion with the Court seeking to uphold any and all designations on documents, testimony or information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the documents, testimony or information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such documents, testimony or information shall be de-designated in accordance with the Designation Objection applicable to such material.

14. Any dispute concerning the application of this Order will be heard by the Court upon motion by any party, provided that any such motion must comply with Local Rules 37-1 and 37-2.

15. If any Party has obtained Confidential Material under the terms of this Order and receives a request to produce such Confidential Material by subpoena or other compulsory process commanding the production of such Confidential Material, the Party must promptly (within 3 business days) notify the Designating Party, including in such notice the date set for the production of such subpoenaed

information and, unless prohibited by applicable law, enclosing a copy of the subpoena or other form of process.  Nothing in this Stipulated Protective Order should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

16. The parties agree that this stipulation binds them regardless of whether the Order is signed by the Court, unless the Court enters a different protective order in place of this stipulation.

DATED: August 24, 2018                GIANELLI & MORRIS


By: */s/ Joshua S. Davis*
  ROBERT S. GIANELLI
  JOSHUA S. DAVIS
  Attorneys for Plaintiffs,
  JENEE HILL
  BYRON HACK

DATED:  August 24, 2018               HOGAN LOVELLS US LLP


By: /s/*Michael M. Maddigan*
  MICHAEL M. MADDIGAN
  Attorneys for Defendants,
  UNITED HEALTHCARE
  INSURANCE COMPANY, UNITED
  HEALTH GROUP
  INCORPORATED, and UNITED
  HEALTHCARE SERVICES, INC.

**[~~PROPOSED~~] ORDER**

Good cause appearing, the Court approves this Stipulation and Protective Order.

IT IS SO ORDERED.

Dated:　　August 27, 2018

*Karen E. Scott*
HON. KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**UNDERSTANDING AND AGREEMENT**

I affirm that I have read the stipulated protective order in *Jenee Hill v. UnitedHealthCare Insurance Company*, U.S. District Court for the Central District of California Case No. SACV15-00526 DOC (RNBx). I understand its terms and agree to be bound by them.

Signature: _____

Print Name: _____

Date: _____