ROBERT S. GIANELLI, #82116
JOSHUA S. DAVIS, #193187
ADRIAN J. BARRIO, #219266
GIANELLI & MORRIS, A Law Corporation
550 South Hope Street, Suite 1645
Los Angeles, CA 90071
Tel: (213) 489-1600; Fax: (213) 489-1611
rob.gianelli@gmlawyers.com
joshua.davis@gmlawyers.com
adrian.barrio@gmlawyers.com

Attorneys for Plaintiffs,
JENEE HILL and Plaintiff BYRON HACK,
on behalf of themselves and all others similarly situated

Glenn R. Kantor, #122643
Kantor & Kantor LLP
19839 Nordhoff Street
Northridge, California 91324
Tel: (818) 886-2525; Fax (818) 350-6272
gkantor@kantorlaw.net
trozelle@kantorlaw.net

Attorneys for Plaintiff JENEE HILL, on behalf
of herself and all others similarly situated

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JENEE HILL, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br>v.<br>UNITEDHEALTHCARE INSURANCE COMPANY,<br><br>    Defendant. | CASE NO.: SACV15-00526 DOC (KESx)<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT [173], [175]** |
| BYRON HACK, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br>v.<br>UNITEDHEALTH GROUP INC.; UNITED HEALTHCARE SERVICES INC.; and UNITEDHEALTHCARE INSURANCE COMPANY;<br><br>    Defendants. | Date:  December 6, 2019<br>Time: 10:00 a.m.<br>Dept: 9D |

The Motion of Plaintiffs Jenee Hill, Byron Hack, Christina Hack and Tom Donney ("Plaintiffs"), on behalf of themselves and the Settlement Classes, for final approval of the class action Settlement reached with Defendants UnitedHealth Group Incorporated ("UHG"), United HealthCare Services, Inc. ("UHS"), and United Healthcare Insurance Company's ("UHIC") (collectively, "United") in this lawsuit (the "Litigation") came on for hearing before this Court on December 6, 2019. Plaintiffs and United are collectively referred to herein as the "Parties." Michael M. Maddigan and Gabriel R. Ulman appeared as attorneys for United, and Robert S. Gianelli and Joshua S. Davis appeared as attorneys for Plaintiffs and the Settlement Classes. After considering the Settlement, the moving papers, arguments of counsel, and all other matters presented to the Court, it is hereby ORDERED, ADJUDGED, AND DECREED, as follows:

1. The Motion for Final Approval of Class Action Settlement is hereby GRANTED.

2. This Final Order Approving Class Action Settlement and Judgment ("Final Order and Judgment") incorporates and makes part hereof: (a) the Parties' Settlement Agreement filed on May 10, 2019, including Exhibits A to F [Dkt. No. 169-2] (collectively the "Agreement"); and (b) the Court's findings and conclusions contained in its Order Granting Motion for Preliminary Approval of Class Action Settlement [Dkt. No. 172] (the "Preliminary Approval Order"). All defined terms in this Final Order and Judgment shall have the same meanings as in the Agreement.

3. All preliminary findings and conclusions in the Court's Preliminary Approval Order are hereby made final.

4. The Court has personal jurisdiction over all members of the *Hill* and *Donney* Settlement Classes. The Court has subject matter jurisdiction over the claims asserted in this Litigation to approve the Settlement, the Settlement, and all exhibits attached thereto. Venue is proper. The Settlement is fair, reasonable and adequate, and consistent and in compliance with the applicable provisions of the

United States Constitution, its Amendments, and the Federal Rules of Civil Procedure, as to, and in the best interests of, the Settlement Classes. The Court also finds that the Settlement resulted from two arms-length mediation sessions and was concluded only after Plaintiffs and United conducted their own investigations and evaluations of the factual and legal issues raised by Plaintiffs' claims, as well as United's defenses. No objections have been made to the Settlement by any member of the Class. Accordingly, the Settlement is hereby finally approved.

5. The *Hill* and *Donney* Settlement Classes, as defined at page 4 of the Settlement, paragraphs (i) and (j), are finally certified for settlement purposes. To permit Plaintiff Donney to serve as class representative of the *Donney* settlement class, Plaintiffs' motion to amend the Complaint and add Tom Donney as class representative, (Dkt. 156), is hereby finally granted for settlement purposes.

6. The Court hereby directs the Parties and their counsel to implement and consummate the Settlement according to its terms and provisions.

7. Pursuant to the Court's Preliminary Approval Order, the notice requirement was satisfied in that the Class Administrator sent the Mailed Notices to each Identified Class Member in the *Hill* and *Donney* classes, no later than 34 days after entry of the Preliminary Approval Order, by first-class mail, postage prepaid, to each Identified Class Member's last known address, and where necessary, further steps were taken in accordance with the Agreement to obtain updated addresses when the mail was returned as undelivered and to re-send the Mailed Notice. Identified Class Members had the opportunity to object to the Settlement and the Agreement, or to exclude themselves from the Class, and they were informed of the date, time, and location of the Final Approval Hearing and had the opportunity to appear at the Final Approval Hearing. These procedures afforded protections to persons in the *Hill* and *Donney* Classes and provide the basis for the Court to make an informed decision on approval of the Settlement based on the responses of Identified Class Members.

8. The Mailed Notices and all other instruments provided to the Class Members:

    (a) constituted the best practicable notice under the circumstances;

    (b) constituted notice that was reasonably calculated to apprise Identified Class Members of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement and to appear at the Final Approval Hearing;

    (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and

    (d) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments, including the Due Process Clause.

9. Class Counsel and Plaintiffs adequately represented the Settlement Classes for purposes of entering into and implementing the Settlement.

10. The list of those Identified Class Members who have requested exclusion from the Classes in accordance with the terms of the Agreement and the Preliminary Approval Order has been filed with the Court, is attached to this Order, and is hereby approved. Those persons are hereby excluded from the Classes. The Court finds that it is a complete list of all Identified Class Members who have timely requested exclusion from the Classes, and accordingly, such Identified Class Members shall not be bound by this Final Order and Judgment or the Agreement.

11. Class Counsel are hereby awarded attorneys' fees in the amount of $1,937,882.00 and costs in the amount of $259,617.00, for a total Class Counsel Payment of $2,197,499.00. This amount covers any and all claims for attorneys' fees, expenses, and costs incurred by any and all Class Counsel in connection with the Settlement of the Litigation and the administration of such Settlement. Class Counsel payment shall be provided by United to Gianelli & Morris in accordance with Paragraph 10 of the Settlement.

12. As incentive award for participation as Class Representatives in the Action, the Court awards $17,500.00 to Plaintiff Jenee Hill and $15,000.00 to Plaintiff Tom Donney. United shall pay the incentive award in addition to any benefits that Plaintiffs is entitled to receive as Identified Class Members. United shall pay the incentive awards in accordance with Paragraph 10 of the Settlement.

13. The release of claims set forth in Paragraph 8 of the Settlement is incorporated herein and effective as of the date of this Final Order and Judgment, and forever discharges the Released Parties from any claims or liabilities arising from or related to the Released Claims.

14. Without affecting the finality of this Final Order and Judgment for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement and this Order, and for any other necessary purpose; *provided, however,* that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under Paragraphs 17, 18, and 19 of this Final Order and Judgment. The Parties submit to the jurisdiction of the Court for purposes of administration, construction, consummation, enforcement, and interpretation of the Settlement.

15. The Settlement is binding on, and has *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and any other Identified Class Members, as well as their Related Parties that allege Released Claims, as defined in the Settlement.

16. Neither this Final Order and Judgment, nor the Settlement, nor any other document referred to herein or therein, nor any action taken to carry out this Final Order and Judgment or the Settlement is, may be construed as, or may be used as an admission or concession by or against United of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement, and any negotiations or proceedings relating to it, shall not in any event be construed as, or deemed evidence of, an admission or concession

as to Plaintiffs' claims or United's denials or defenses, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order and Judgment or the Settlement; provided, however, that this Final Order and Judgment and the Settlement may be filed in any action against or by United or the Identified Class Members to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith Settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim to the extent allowed by law.

17. The Parties are authorized, without further approval from the Court, to agree to and adopt such non-substantive amendments, modifications, or expansions of the Settlement and all exhibits attached thereto that are consistent with this Final Order and Judgment, and that do not limit the rights of persons in the Settlement Classes. Any substantive amendments, modifications, or expansions of the Settlement and the exhibits attached thereto shall require prior approval by the Court.

18. Any work product retained by Plaintiffs or Class Counsel that is based on or incorporates information designated as Confidential Material pursuant to the terms of the Protective Order previously entered in this case and provided by United shall be deemed Confidential Material pursuant to the terms of the Protective Order, and the disclosure or use of such materials shall be subject to the same restrictions as Confidential Materials pursuant to the terms of the Protective Order previously entered in this case.

19. Each and every Identified Class Member who has not been excluded from the Settlement, and their Related Parties, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of

any kind, asserting any of the Released Claims against any of the Released Parties, except for claims to enforce the Settlement.

20. Section 1715(b) of the Class Action Fairness Act of 2005 requires a settling defendant to "serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official" a specified group of documents describing the settlement. Pursuant to section 1715(d), final approval cannot be issued earlier than 90 days after notice is given under section 1715(b). United served the necessary documents upon the appropriate officials on August 29, 2019 [Dkt. 184]. This order is signed more than 90 days after United served the documents. The Court therefore finds that United is in full compliance with the Class Action Fairness Act, 28 U.S.C. section 1715.

21. There being no just reason for delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment.

IT IS SO ORDERED.

DATED: December 6, 2019    By: /s/ David O. Carter
                                              Judge David O. Carter
                                              United States District Court

# EXHIBIT A

# Exclusion Requests

*Jenee Hill v. UnitedHealthcare Insurance Company*
*Bryon Hack v. UnitedHealth Group, Inc.*　　　　　　　　　　　　　　　　　　　　　　　Initial Mailing Date: 6/17/2019
as of July 25, 2019　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Exclusion Deadline: 7/22/2019

|   | Shareholder Name | Address | Phone Number | Signature | Exclusion Submitted/ Postmarked | Class |
|---|---|---|---|---|---|---|
| 1 | Jennifer Anne Dunning | 3415 S. Gillis Rd<br>Spokane Valley, WA 99206 | 509-710-5648 | Yes | 6/25/2019 | Donney |